**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
GEORGIA JACKSON, et al.,

                Plaintiffs,                **REPORT AND RECOMMENDATION**

    - against -

                                               10-CV-1958 (NGG) (JO)

**ESTATE OF ANNMARIE WILLIAMS, et al.,**

                Defendants.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

On April 30, 2010, plaintiffs Georgia Jackson, Charlene Jackson, Paris M. Jackson, Shimika Jackson, Charmane Jackson, and Charles Jackson, Jr. filed a complaint that named five defendants: the Estate of AnnMarie Williams, also known as AnnMarie Williams-Jackson; Ricky Williams; Ryan Williams; Sasha Williams; and Sue Ann Williams. Docket Entry ("DE") 1 (Complaint). The defendants moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). DE 7 (Motion to Dismiss). On September 23, 2010, the Honorable Nicholas G. Garaufis, United States District Judge, referred the motion to me for a report and recommendation. At oral argument on October 18, 2010, the plaintiffs sought leave to file additional arguments, but instead filed a motion to amend the Complaint. DE 11 (Motion to Amend). I now make my report, and for the reasons set forth below, respectfully recommend that the court grant the defendants' motion and dismiss the Complaint for lack of subject matter jurisdiction. I further recommend that the court deny the plaintiffs' motion to amend the Complaint as futile.

I.    <u>Background</u>

This action arises from the competing claims of the members of two families. The late Charles Jackson, Sr. ("Charles"), married plaintiff Georgia Jackson ("Georgia") in 1957.

Complaint ¶ 10. The couple had five children, all bearing the surname Jackson, and all of whom are also named plaintiffs in this action: Charlene; Paris; Shimika; Charmane; and Charles, Jr. *Id.* ¶ 16. Charles relocated to Florida in 1999, but he and Georgia never divorced or legally separated. *Id.* Ex. B (Declaration of Georgia Jackson) ("Georgia Aff.").

Charles started a second family in Florida upon marrying AnnMarie Williams ("AnnMarie"), who has since died and whose estate is a named defendant. At the time of her marriage to Charles, AnnMarie already had four children of her own, all bearing the surname Williams and all of whom are also named defendants in this action: Ricky, Ryan, Sasha, and Sue Ann. Georgia Aff. ¶ 6. Charles and AnnMarie then had three children together, all bearing the surname Jackson, and none of whom is a named party: Charles T., Jr.; Troy; and Destini. Georgia Aff. ¶ 7; DE 7-2 (Affidavit of Charles D. Miner) ("Miner Aff.") ¶ 10.

Charles died on December 4, 2009. Complaint Ex. B (Death Certificate). AnnMarie died two months later, on February 3, 2010. Miner Aff. ¶ 7. Charles's will was admitted to probate in Orange County, Florida, and the court issued letters of administration for the estate to attorney Charles Miner and defendant Ryan Williams on March 17, 2010. *Id.* ¶¶ 4 & Ex. A.

The plaintiffs filed their original Complaint on April 30, 2010. In it, they asserted two causes of action. First, they sought an order granting Georgia letters of administration for Charles's estate. Complaint ¶¶ 9-21. Second, they asked the court to annul any marriage between Charles and AnnMarie. *Id.* ¶¶ 22-25. The plaintiffs also asserted in their Complaint an interest in Charles's estate, and in particular in certain real property in Queens, New York, that Charles formerly owned and in which most of the plaintiffs now reside. Complaint ¶ 7; Georgia Aff. ¶ 4.

The defendants filed an answer on June 16, 2010. DE 2. At the initial conference on July 26, 2010, the parties agreed to stay discovery and set a briefing schedule for a motion to dismiss.

DE 6 (minute entry). The plaintiffs acknowledged that Charles did not die intestate and that his will had been admitted to probate in Florida. *Id.* Additionally, the parties discussed the fact that the Complaint failed to name Charles's estate as a defendant. *Id.*

On September 17, 2010, the defendants filed a motion styled as an application under Rule 12(b)(1) to dismiss the Complaint based on the probate and domestic relations exceptions to federal subject matter jurisdiction. DE 7. By order dated September 23, 2010, the Honorable Nicholas G. Garaufis, United States District Judge, referred the matter to me for a report and recommendation.

I heard arguments on the defendants' motion to dismiss on October 18, 2010. DE 10 (minute entry); DE 13 (transcript) ("Tr."). The plaintiffs argued that the claim for letters of administration constituted the principal ground for subject matter jurisdiction. Tr. at 8-9. Indeed, they acknowledged that their claim for annulment of the marriage could only be considered under the federal court's supplemental jurisdiction; their counsel agreed that "this case doesn't belong in federal court at all if the first claim for letters of administration doesn't belong here." *Id*. at 9.

The plaintiffs sought, and I granted, leave to file a letter setting forth case law in support of their assertion that a federal court may consider a claim for letters of administration under the diversity jurisdiction statute, 28 U.S.C. § 1332. *Id.* at 7-8. Instead, the plaintiffs filed a cross motion to amend the complaint. DE 11 (Motion to Amend). Perplexingly, the effect of the proposed amendment would be to withdraw the first claim for letters of administration (which the plaintiffs had previously described as the sole basis for their assertion of federal subject matter jurisdiction, *see* Tr. at 9), while maintaining the substance of the second claim – seeking an annulment of the marriage between Charles and AnnMarie and requesting a judgment

declaring that when Charles died he was legally married to Georgia. DE 11-1 (Proposed Amended Complaint) ¶¶ 8-11. The proposal also sought to add Charles's estate as a named defendant, while withdrawing the claims against four of the previously named defendants – Ricky, Ryan, Sasha, and Sue Ann Williams.

The defendants opposed the motion, reiterating the argument that this court lacks subject matter jurisdiction to determine matters relating to domestic relations. DE 12 (Opposition to Motion to Amend) ("Amend Opp.") at 3. They add that the plaintiffs' Proposed Amended Complaint does not request monetary relief, and therefore cannot meet the amount-in-controversy threshold for diversity jurisdiction. *Id.*; *see also* Proposed Amended Complaint ¶11.

II.  Discussion

   A.  Jurisdiction

On a motion to dismiss for lack of subject matter jurisdiction, the court may rely on material extrinsic to the complaint. *See*, *e.g.*, *Europe & Overseas Commodity Traders, S.A., v. Banque Paribas London*, 147 F.3d 118, 121 n.1 (2d Cir. 1998) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). Lack of subject matter jurisdiction may be raised at any point in a case, *see* Fed. R. Civ. P. 12(h)(3), and "[t]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (citations and internal quotation marks omitted).

   1.  The Claim For Letters Of Administration

"The probate exception [to federal subject matter jurisdiction] reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) (quoting *Markham v. Allen*,

326 U.S. 490 (1946)). Under this prudential doctrine, federal courts refrain from interfering with the proceedings in state probate court and leave tasks such as "the administration of an estate, the probate of a will, or any other purely probate matter" to state probate courts, which have a "special proficiency" for handling them. *Id*. at 311, 312.

The plaintiffs argue that *Marshall* narrowed the probate exception to an extent that it no longer covers a claim of the type they seek to bring. Motion to Amend ¶¶ 2-3 (quoting *Marshall*, 547 U.S. at 302). This contention is incorrect; *Marshall* only clarified that federal courts are not deprived of jurisdiction to decide issues which are tangentially related to the probate of the will, such as a claim that a creditor had tortiously interfered with a gift that a decedent's widow had expected to receive. After *Marshall* it remains clear that federal courts lack jurisdiction over disputes which are purely probate matters.

The plaintiffs' request that the court award Georgia letters of administration for Charles's estate is purely a probate matter that fits squarely within the probate exception to federal jurisdiction. I therefore respectfully recommend dismissal of that claim for lack of subject matter jurisdiction.

      2.      <u>The Claim For Annulment</u>

Considering the plaintiffs' claim for an annulment of Charles's marriage to AnnMarie would similarly require this court to exceed its jurisdiction. In *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), the Supreme Court confirmed the continued existence of the domestic relations exception to federal subject matter jurisdiction first articulated by the Court in *Barber v. Barber,* 62 U.S. 582 (1859). The domestic relations exception "arises in those cases where a federal court is asked to grant a decree of divorce or annulment, … the rationale being that those actions are close to the historical concept of an ecclesiastical action and peculiarly within the

province of the state courts." *McIntyre v. McIntyre*, 771 F.2d 1316, 1318 (9th Cir. 1985) (cited in *Ankenbrandt*, 504 U.S. at 703 n.6). The *Marshall* court reiterated that despite the increasingly narrow range of the domestic relations exception, "'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds." 547 U.S. at 308 (quoting *Ankenbrandt*, 504 U.S. at 703). The plaintiffs' claim seeking the annulment of the marriage between Charles and AnnMarie plainly falls within the range of domestic relations issues which are excluded from the federal courts' subject matter jurisdiction. I therefore respectfully recommend that the court dismiss that claim as well.

   B.  The Motion To Amend

Leave to amend a pleading must "be freely given when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court has written:

> If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend a complaint may be denied as futile where the proposed amendment does "not cure the original complaint's deficiencies … by providing a basis for subject matter jurisdiction[.]" *Mortimer Off Shore Servs., Ltd. v. Federal Republic of Germany*, 615 F.3d 97, 98 (2d Cir. 2010).

The plaintiffs' motion to amend fails to cure the jurisdictional defects discussed above. The Proposed Amended Complaint abandons the original Complaint's claim for letters of administration, and leaves only the claim seeking annulment of Charles's marriage to AnnMarie. But while the abandonment of the first claim potentially moots one issue, it plainly does nothing

6

to cure the lack of jurisdiction with respect to the annulment claim. I therefore respectfully recommend that the court deny the plaintiffs' motion to amend on the ground that it is futile.

III.　Recommendation

For the reasons set forth above, I respectfully recommend that the court grant the defendants' motion and dismiss the Complaint for lack of subject matter jurisdiction, and I further respectfully recommend that the court deny the plaintiffs' motion to amend the Complaint as futile.

IV.　Objections

Any objections to this Report and Recommendation must be filed no later than April 29, 2011. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated:　Brooklyn, New York
　　　　April 12, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ James Orenstein
　　　　　　　　　　　　　　　　　　　　　　　　　JAMES ORENSTEIN
　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge