D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GEORGIA JACKSON, CHARLENE T. JACKSON,
PARIS M. JACKSON, SHIMIKA JACKSON,
CHARMANE JACKSON, and CHARLES
JACKSON, JR.,

                Plaintiffs,

      -against-

The ESTATE OF ANNMARIE WILLIAMS, a/k/a
ANNMARIE WILLIAMS-JACKSON, RICKY
WILLIAMS, RYAN WILLIAMS, SASHA
WILLIAMS, and SUE ANN WILLIAMS,

                Defendants.
----------------------------------------------------------X

**ORDER**

**10-CV-1958 (NGG) (JO)**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 11 2011 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

On April 30, 2010, Plaintiffs Georgia Jackson, Charlene T. Jackson, Paris M. Jackson, Shimika Jackson, Charmane Jackson, and Charles Jackson, Jr. (collectively, the "Jacksons") filed suit against the estate of AnnMarie Williams, Ricky Williams, Ryan Williams, Sasha Williams, and Sue Ann Williams (collectively, the "Williamses"), alleging that the court possessed diversity jurisdiction over the action. (Compl. (Docket Entry # 1) ¶ 1.) The action arose following the 2009 death of Charles Jackson, Sr. ("Mr. Jackson"), the husband of Georgia Jackson and the father of the other Jacksons. (Id. ¶ 16.) The Complaint also alleges that the late-AnnMarie Williams, mother of the Williams children, claimed to be Mr. Jackson's wife. (Id. ¶ 17.) To resolve disputes concerning the administration of Mr. Jackson's estate, the Jacksons' Complaint seeks Georgia letters of administration and the annulment of any marriage between Mr. Jackson and AnnMarie Williams. (Id. ¶¶ 9-25.)

On September 7, 2010, the Williamses moved to dismiss the Complaint for lack of subject matter jurisdiction due to the "probate exception" to diversity jurisdiction, reaffirmed in

1

Marshall v. Marshall, 547 U.S. 293 (2006). (Docket Entry # 7-1.) On September 23, 2010, the court referred the motion to Magistrate Judge James Orenstein for a Report and Recommendation ("R&R"). (Docket Entry Sept. 23, 2010.) On October 18, 2010, the Jacksons moved to amend their Complaint. (Docket Entry # 11.) On April 12, 2011, Magistrate Judge Orenstein recommended that the court grant the Williamses' motion to dismiss and deny the Jacksons' motion to amend. (R&R (Docket Entry # 14).) Any objections to the R&R were due on April 29, 2011. (Id.)

No party has objected to Judge Orenstein's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Having reviewed Judge Orenstein's thorough R&R, the court adopts it in its entirety. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007). Accordingly, the court GRANTS the Williamses' motion to dismiss for lack of subject matter jurisdiction, and DENIES the Jacksons' motion to amend.

SO ORDERED.

Dated: Brooklyn, New York
July 8, 2011

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge